# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRINCIPAL LIFE INSURANCE COMPANY,** : | CIVIL ACTION NO. 1:08-CV-2294 |
| : | |
| : | (Judge Conner) |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MARK DeROSE and MATTHEW DeROSE, as Trustees of the JoAnn DeRose Family Trust,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 23rd day of November, 2009, upon consideration of the report of the magistrate judge (Doc. 37), recommending that the motion (Doc. 21) to dismiss the counterclaims be granted in its entirety and that Counts I-IV of defendants' counterclaim (Doc. 17 at 16-20) be dismissed, and, following an independent review of the record, it appearing that the counterclaims at issue seek declaratory relief, relief under Pennsylvania's bad faith statute, 42 PA. CONS. STAT. § 8371, relief for anticipatory contract repudiation, and relief for breach of the contractual duty of good faith and fair dealing, and that the magistrate judge's report recommends dismissal of each of the counterclaims, and it further appearing that neither party has objected to the magistrate judge's report and recommendation,[1] and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to

---

[1] Objections were due by November 16, 2009. As of the date of this memorandum and order, none have been filed.

timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 37) is ADOPTED.

2. The motion (Doc. 21) to dismiss the counterclaims is GRANTED.

3. Counts I-IV of defendants' counterclaims in the above-captioned action are DISMISSED.

4. The case is REMANDED to the magistrate judge for further proceedings.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.