IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRINCIPAL LIFE INSURANCE COMPANY,** | : : | |
| | : | Civil Action No. 1:08-CV-2294 |
| **Plaintiff** | : : | (Judge Conner) |
| v. | : : | (Magistrate Judge Carlson) |
| | : | |
| **MARK DeROSE and MATTHEW DeRose, as Trustees of the JoAnn DeRose Family Trust,** | : : : : : | |
| **Defendants** | : : | |

## MEMORANDUM ORDER

### I. INTRODUCTION

Pending before the Court is First Priority Bank's motion to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure in order to protect its security interest in the life insurance policy that Plaintiff has claimed is void as a so-called stranger-originated life insurance, or "STOLI," transaction. Defendants have concurred in the request to intervene, but Plaintiff has opposed the motion, arguing that it is untimely and prejudicial to the insurer's interests in this case. For its part, First Priority Bank maintains that its request to intervene – either as of right or by permission – is timely and not dilatory, and will not prejudice the rights or interests of any party in this suit. First Priority further

argues that recent events demonstrate that Defendants cannot reasonably be expected to protect the bank's security interest sufficiently, and thus it should be permitted to intervene to ensure that these interests are effectively represented and advocated in an action that was brought in an effort to declare the policies (and, therefore, First Priority's security interest) void. Upon consideration of the briefs, we will permit First Priority Bank to intervene and will direct that the bank's answers and affirmative defenses be filed of record in this action.

## II. **BACKGROUND**

In this action, which commenced on December 23, 2008, Plaintiff Principal Life Insurance Company is seeking a declaratory judgment that the policies are void; First Priority is now seeking to intervene in order to protect its first lien security interest in the policies that Principal is seeking to set aside through a declaratory judgment. According to First Priority, it did not seek to intervene in this action earlier because, until recently, it had reason to believe that its interests were sufficiently protected by Defendants in this litigation. However, Defendants allegedly defaulted on their obligations under the DeRose Family Trust's loans from First Priority Bank, and failed to satisfy their obligation to pay the premiums owed under three life insurance policies that Plaintiff issued, and in which First Priority enjoys a perfected security interest. In order to protect its security interest

in the policies, First Priority Bank now seeks to intervene as a party in this action pursuant to Federal Rule of Civil Procedure 24.

According to the parties' various submissions, First Priority Bank loaned $1,515,000.00 to Defendants that was used to purchase, and which is secured by, three policies of life insurance issued on the life of JoAnn DeRose (the "Policies"). First Priority represents that the DeRose Trust gave the bank three promissory notes – one for each of the policies – in conjunction with the loan. The notes obligated the Trust to repay the loan monthly beginning in April 2007, with a final balloon payment due no later than March 27, 2009. (Doc. 76, Ex. A, Notes, p. 1, ¶ 2.) The Trust also assigned the Policies to First Priority as collateral for the loans, and the assignment of the Policies authorizes First Priority to, *inter alia*, collect from the insurer the net proceeds of the Policies when they may become due as a result of death or maturity. (Id., Ex. B, Assignments, ¶ B.1.) First Priority represents that it perfected its security interest on March 22, 2007. (Id., Ex. C.)

By letter dated March 6, 2009, First Priority notified the Trust that the principal amount of the loan was set to mature within three weeks, and recommended that the Trustees arrange for payment of all amounts due under the

notes. Notwithstanding this communication, First Priority contends that the Trust has failed to repay the loan or to otherwise satisfy the requirements of the notes.

Additionally, First Priority avers that the Trust has not fulfilled its obligation to pay the premiums required to keep the policies in force, and , therefore, have jeopardized First Priority's security interest in the policies. First Priority has submitted letters dated February 6, 2010, and February 25, 2010, in which it notified the Trust regarding its alleged defaults, and advised the Trust that the policies would expire unless the premiums were satisfied. (Doc. 76, Ex. E.) According to First Priority, the Trust failed or refused to pay the premiums owed, and as a result, First Priority has taken physical custody of the policies and paid the outstanding premiums in order to protect its security interest in the policies. In order to further protect its security interest in the policies, First Priority Bank has sought leave to intervene as a party in this action. Plaintiff has opposed the motion.

## II. **DISCUSSION**

Rule 24 of the Federal Rules of Civil Procedure governs intervention of prospective parties into pending actions. Rule 24(a) governs intervention as of right, where as Rule 24(b) governs permissive intervention. See Fed. R. Civ. P. 24. In this case, First Priority argues in favor of its motion to intervene under

either standard, though we find it necessary to consider only First Priority's motion to intervene as of right under Rule 24(a).

The Third Circuit has announced a four-part test that courts should use when determining whether a party may intervene in a lawsuit as of right. This test requires that courts consider whether "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Brody v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992) (citing Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)). A proposed intervenor must satisfy each of these requirements in order to intervene as of right. Harris, 820 F.2d at 596. Furthermore, the party seeking to intervene bears the burden of establishing all four of the requirements. Alcan Aluminum, 25 F.3d at 1181 n.9. However, "a very strong showing that one of the requirements is met may result in requiring a lesser showing of another requirement." Harris, 820 F.2d at 596 n.6.

**A.    First Priority's Motion is Timely**.

For purposes of a motion to intervene as of right under Rule 24(a), the timeliness of such request is measured from the point at which the movant knew, or should have known, of the risk to its rights. United States v. Alcan Aluminum,

Inc., 25 F.3d 1174, 1183 (3d Cir. 1994). Timeliness is not measured simply from the time that the applicant learns of the litigation. Id. Courts in the Third Circuit generally consider three factors when determining whether an application to intervene is timely: (1) the stage of the proceeding; (2) the prejudice that delay may cause to the parties; and (3) the reason for the delay. Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995).

We have little trouble finding that First Priority's motion to intervene is timely in this case. Although Principal focuses on the fact that the bank has known of this litigation since it commenced, this is not the appropriate measure by which to gauge whether First Priority was unreasonably dilatory in moving to intervene. Instead, we find that the more appropriate yardstick is the time between which First Priority first recognized that intervention was necessary to protect its interests, and the time that the bank filed its motion. We agree that First Priority's interests were not directly impaired until the Trustees failed to pay the premiums necessary to keep the policies – and the bank's security interest – in force. It is alleged that the Trustees defaulted in February 2010, and this represented the first genuine threat to the bank's security interest. The Trustees failed to pay the premium due on the policies in April 2010, thus prompting the bank to move to

6

intervene three weeks later on May 17, 2010. On these facts, which appear to be entirely undisputed, we find that First Priority's motion to intervene was timely, since the motion promptly followed the default which alerted First Priority to the fact that it could no longer rely upon the DeRoses to adequately protect its interests.

**B.     First Priority Has a Sufficient Interest in the Subject Matter of the Litigation**.

We also find that First Priority has demonstrated a protectable interest in the policies that is sufficient to permit intervention in this action – an action that it is intended to have the policies declared void. Rule 24(a)(2) requires that an intervening party have "an interest relating to the property or transaction which is the subject of the action . . ." Fed. R. Civ. P. 24(a)(2). Although "the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition," Mountain Top Condo Association, 72 F.3d at 366, certain guidelines have become accepted. The Supreme Court has stated that the intervenor's interest must be "significantly protectable," Donaldson v. United States, 400 U.S. 517, 531 (1971), and the Third Circuit has further clarified that the interest as stake must be of a legal nature rather than a more general or indefinite interest, Harris, 820 F.2d at 601. Such an interest has been recognized as one belonging to or owned by the proposed intervenor. Alcan Aluminum, 25

F.3d at 1185. Although a mere economic interest in the outcome of the litigation is insufficient to constitute a significantly protectable interest, id., "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." Mt. Top Condo Ass'n, 72 F.3d at 366.

We agree with First Priority that is security interest in the specific fund at issue in this case – namely, the three policies in which the bank holds a perfected security interest – qualifies as the type of significantly protectable interest contemplated by Rule 24.

### C. First Priority's Interest May be Affected, Impaired, or Destroyed by the Disposition of the Pending Litigation.

In order to intervene as of right, the party seeking intervention must demonstrate that the pending litigation represents a tangible threat to the applicant's legally protectable interest, and such a threat must be more than merely incidental. Development Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 162 (3d Cir. 1995). In this case, Principal is seeking to have the policies declared void or voidable, and to retain some portion of the premiums that have been paid on the policies to date. On these undisputed facts, it is apparent and we find that First Priority's interest may be affected, impaired, or destroyed if Principal succeeds in its efforts to have the policies rescinded or set aside.

### D. First Priority's Interests are Not Adequately Represented by Another Party in this Action.

Finally, an applicant bears the burden of showing that its interests are not adequately represented by existing parties in the litigation. This requirement of Rule 24 is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Mountain Top, 72 F.3d at 368 (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)). As a leading commentator has noted:

> The most important factor in determining the adequacy of representation is how the interest of the absentee compares with the interest of the present parties. If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented. If his interest is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate.

7C Wright, Miller & Kane, Federal Practice & Procedure § 1909, at 318-19 (1986). The Third Circuit has instructed courts charged with evaluating this issue to consider each case according to the specific circumstances presented. Kleissler v. United States Forest Serv., 157 F.3d 964, 972 (3d Cir. 1998).

In consideration of the minimal showing that First Priority is required to make with respect to this final consideration, and cognizant that the Trustees have

9

recently defaulted on their obligations to maintain premiums on the policies, and that the Trustees owe a fiduciary obligation only to the Trust itself, we agree with the First Priority that the interests of the parties have diverged substantially, and that the Trustees cannot be expected to represent adequately the interests of the bank in recovering its security interest in the policies. Whatever interest the Trustees may currently have in this action – and the Trustees' interest in the policies appears to be something of an open question given their failure to pay the premiums due to keep the policies in place – the bank's interest may be considerably different, and may impel the parties to pursue different litigation strategies to protect their divergent interests.

### III. CONCLUSION

Upon consideration of the foregoing factors, we conclude that First Priority has carried its burden of demonstrating that it should be permitted to intervene in this action as of right, and we will grant the motion and direct that First Priority's answer and affirmative defenses be docketed in the record of this action. Because we conclude that First Priority is entitled to intervene in this action as of right pursuant to Rule 24(a), we find it unnecessary to consider the bank's alternative request to be permitted to intervene pursuant to Rule 24(b).

## IV. **ORDER**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT the motion of First Priority Bank to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure (Doc. 72) is GRANTED. The Clerk of Court is directed to record First Priority Bank's answer to the complaint and affirmative defenses (Doc. 72, Ex. 2) on the docket of this action.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Date: June 29, 2010