## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRINCIPAL LIFE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | **Civil Case No. 1:08-CV-2294** |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARK DeROSE and MATTHEW** | : | |
| **DeROSE, as Trustees of the JoAnn** | : | |
| **DeRose Family Trust, and FIRST** | : | |
| **PRIORITY BANK,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

## I.   INTRODUCTION AND STATEMENT OF THE CASE

This is an action brought by Principal Life Insurance Company ("Principal" or "Plaintiff") seeking entry of a judgment declaring that, *inter alia*, Principal's obligations under three policies of insurance issued on the life of JoAnn DeRose (the "Policies") were not procured for legitimate purposes, or were obtained through fraudulent misrepresentations.  Specifically, Principal alleges that the Trustees of the JoAnn DeRose Family Trust purchased the policies as part of a so-called stranger originated life insurance ("STOLI") scheme, and that the non-recourse premium financing that the Trustees used to pay for the premiums on the policies was concealed from Principal during the application process.  For this reason, Principal

commenced the instant action seeking a declaration that the Policies are void due to a lack of insurable interest at inception, or on the basis of certain material misrepresentations made during the application process.  (Compl., at ¶¶ 32-38.)

Although the litigation was commenced against the Trustees alone, and although the Trustees continued to litigate this matter against Principal after the action was initiated, on June 29, 2010, the Court entered an order permitting the intervention of First Priority Bank as a defendant in this action.  (Doc. 90)  First Priority Bank is the financial institution that financed the premiums that the Trust paid under the policies, and which holds a first priority lien against the policies.  After the Trustees failed to pay a scheduled premium payment on the policies in or around April 2010, First Priority determined that its security interest in the policies was in jeopardy, and thereafter continued to make payments on the premiums required to keep the policies in force and protect its security interest.

Following an additional period of discovery after First Priority intervened, the Trustees and First Priority Bank filed separate motions for summary judgment on Principal's claims.  (Docs. 104, 114)  First Priority has also moved, pursuant to Fed. R. Civ. P. 12(b) and  Fed. R. Civ. P. 19, to dismiss this action for failure to join indispensable parties or, in the alternative, to require Principal to join in this dispute, Delaware Valley Financial Group, Inc., Thomas Schirmer, Marc Smith, Ronald Perry,

Total Financial Solutions, LLC (collectively the "Agents"), and any other parties receiving commissions or fees pursuant to the issuance of the Policies as necessary parties to this action.[1]  First Priority's motion is fully briefed and ripe for disposition. Upon careful review, we recommend that the motion be denied.

## II.   <u>STANDARD OF REVIEW</u>

The defendants have moved to dismiss this complaint under Rules 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party under Rule 19.  Fed. R. Civ. P. 12(b)(7).  The analysis of a 12(b)(7) motion to dismiss begins with Rule 19 which specifies the circumstances in which joinder of a party is required.  <u>General Refractories Co. v. First State Ins. Co.</u>, 500 F.3d 306, 312 (3d Cir. 2007).  Under Rule 19(a), this Court

---

[1]  Notably, First Priority has sought this relief "only in the alternative to its Motion for Summary Judgment in the event that the Court determines that a question of material fact exists as to whether or not Principal's employees or agents acted outside of the scope of their employment."  (Doc. 133, ¶ 15.)  On July 15, 2011, we issued a report and recommendation in which we recommended, *inter alia*, that First Priority Bank's motion for summary judgment (Doc. 114) be denied.  (Doc. 178)  First Priority Bank filed timely objections to this report, and briefing on the objections closed on September 9, 2011.  As of the date of the instant report recommending that First Priority Bank's motion to dismiss be denied, the Court's report recommending denial of First Priority's summary judgment motion remained pending.  However, in order to ensure that all pending legal issues in this matter are fully, and promptly, addressed we have also prepared this report and recommendation resolving First Priority's alternate prayer for relief.

> first must determine whether the absent [parties] should be joined as "necessary" parties under Rule 19(a). If they should be joined, but their joinder is not feasible inasmuch as it would defeat diversity of citizenship . . . we next must determine whether the absent parties are "indispensable" under Rule 19(b). Should we answer this question in the affirmative, the action cannot go forward.

Id. "Required parties" under Rule 19 are those who are "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). Such a person must be joined as a party to the action if:

> (A) in the person's absence complete relief cannot be accorded among those already parties; or
> (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect that interest; or
>>
>> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). Moreover, we are to treat clauses (A) and (B) in the disjunctive, thus requiring the movant to satisfy only one of the subsections in order to establish an absent party as necessary. See Koppers Co. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998) ("As Rule 19(a) is stated in the disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be joined if possible.").

## III.   **DISCUSSION**

At the outset, First Priority argues that "the Agents are necessary to accord relief among the existing parties, to avoid duplicative and costly subsequent litigation, and to eliminate the possibility of inconsistent judicial results. Principal and the DeRoses respond arguing that the Agents are neither necessary nor indispensable under Rule 19.[2] Because we agree with Principal and the DeRoses that the Agents are not "necessary" under Rule 19(a), it is unnecessary to consider whether the Agents are "indispensable" under Rule 19(b).[3] Thus, we will recommend that the Court deny First Priority's motion to dismiss for failure to join a party under Rule 19.

_____

[2]Principal and the DeRoses also argue that First Priority's motion is untimely. Federal Rule of Civil Procedure 12(b) requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . (7) failure to join a party under Rule 19. A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed.". Fed. R. Civ. P. 12(b)(7) (emphasis added). Here, First Priority filed its answer to Principal's complaint, the responsive pleading, in June of 2010, but filed its 12(b)(7) motion on February 18, 2011, more than eight months later. Thus, First Priority's motion is procedurally deficient. We decline to address this argument in detail, however, as we recommend dismissal of First Priority's motion on substantive grounds.

[3]If a person is not a necessary party under the provisions of Rule 19(a), "the inquiry need go no further because the party need not be joined." Travelers Indem. Co. v. Pauline, 2007 U.S. Dist. LEXIS 57698 at *4 (M.D. Pa. 2007) (citing Bank of Am. Nat'l Trust & Savings Assoc. v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 (3d Cir. 1988)).

## A.      Rule 19(a)(1)(A)

Under Rule 19(a)(1) we are to ask "whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties." General Refractories, 500 F.3d at 313.  Moreover, we limit our inquiry to "whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." Id. (citing Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought."); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993) (same)).

Initially, First Priority contends that under Principal's new "rogue agent theory," the Agents are solely liable for any misrepresentations to Principal in accordance with agency principles.  (Doc. 157)  Thus, First Priority concludes that relief cannot be accorded between existing parties in this action.  However, the Bank fails to explain how, in a declaratory judgment action, their theory affects the Court's ability to grant complete relief among the existing parties.  Instead, First Priority repeatedly contends that the primary focus of Rule 19(a)(1)(A) is on judicial

economy.[4] While we recognize the importance of judicial economy in the Rule 19(a)(1)(A) analysis, such a consideration is not central to according complete relief among existing parties.   In the present case, Principal seeks a declaration that the Policies are void due to a lack of insurable interest at inception, or on the basis of certain material misrepresentations made during the application process; relief which we find to be entirely independent of any determination or potential dispute involving any acts, omissions or knowledge of the brokers.  (Compl. at ¶¶ 32-38.)

Furthermore, complete relief can be achieved in a coverage action without the presence of the insurance broker. See Coregis Ins. Co. v. Wheeler, 180 F.R.D. 280, 283 (E.D. Pa. 1998) (citing Certain Underwriters at Lloyds, London v. Ross,  1998 U.S. Dist. LEXIS 9665, No. 98-1037, at *1-2 (E.D. Pa. 1998) (finding that an insurance broker is not a necessary party, as complete resolution of the dispute could be accomplished in the absence of the broker as a party); City of Harrisburg v. ISLIC, 596 F. Supp. 954, 957 (M.D. Pa. 1984) (finding that an insurance agent is not a necessary party to a coverage action, as complete relief could be achieved without the presence of the agent)).

---

[4]In support of their position, First Priority asserts that Principal already has filed claims against the "rogue agents" elsewhere.  While we recognize the existence of at least one, apparently related claim, we reject this argument as it is collateral to the real issue in this litigation of whether the policies involved are valid.  (Doc. 133, Exhibit B).

Presently, the policies at issue govern the rights and responsibilities existing between Principal and the DeRose Trust.  Subsequently, with both Principal and the DeRose Trust as parties to this matter, we are in a position to accord complete relief with respect to the rights and obligations under the Policies without regard for the brokers, who are not parties to the policies.  Therefore, the relief sought, a declaration regarding Principal's obligations under the policies at issue, can be accorded completely among the parties already present in this litigation.  As a result, we find that the Agents First Priority seeks to join are not "necessary" under Rule 19(a)(1)(A).

### B.      Rule 19(a)(1)(B)

Notwithstanding a determination that complete relief may be accorded to those persons already named as parties to the action, a court still may deem a party "necessary" under subsection (a)(1)(B) of Rule 19.

### 1.      Rule 19(a)(1)(B)(I)

Under Rule 19(a)(1)(B)(I), the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation.  Fed. R. Civ. P. 19(a)(1)(B)(I); see also General Refractories, 500 F.3d at 316 (citing Janney Montgomery Scott, 11 F.3d at 409 ("[I]t must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect

to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments.")).  Moreover, in order to require joinder under Rule 19(a)(1)(B) an absent party must have more than a mere financial interest, "an absent party must have a legally protected interest, and not merely an interest of convenience." Continental Casualty Co. v. Diversified Indus., 884 F. Supp. 937, 944 (E.D. Pa. 1995).

First Priority argues that the presence of the Agents in this action "is crucial to determining the important issue of liability. [The Agents] are more than key witnesses; rather, they are active participants." (Doc. 157)  We disagree, however, as we find that, in this declaratory judgment action, the Agents are not more than key witnesses.

First Priority relies heavily on Whyham v. Piper Aircraft Co., 96 F.R.D.557 (M.D. Pa. 1982), a case that is easily distinguished from the case at bar.  Whyham, centered around a plane crash, which resulted in the death of the plaintiff's husband. Id.  In subsequent litigation, the plaintiff alleged that defendant had negligently designed, constructed and serviced the aircraft that had crashed.  Id.  The defendant argued and the Court held, that the two companies who had most recently owned and maintained the plane and which were absent from the action, were necessary and indispensable to determine the issue of liability.  Id.  In finding that the absent

companies were necessary under Rule 19(a)(1)(B)(I), the Whyham court noted that "[i]f the jury accepts Defendant's argument that [the absent companies] were negligent in the maintenance and inspection of the [aircraft], the companies will be at least partly liable for damages." Id. at 561.  Consequently, the Court in Whyham, without joinder, may have impaired the absent companies' ability to protect their "legal interests," that is, their potential liability for damages.  Thus, the Whyham case is distinguishable from the instant action, as the plaintiff in Whyham sought a damages award under theories of negligence and strict liability.  In the present action, however, Principal seeks only a declaration of rights under the Policies involved; relief which is entirely independent of any determination or potential dispute involving any acts, omissions or knowledge of the brokers.

Additionally, the Agents have no legally protected interest at stake whereby they could be considered necessary parties to this action.  First Priority contends that by disposing of this action without the Agents, the Court may impair or impede the Agents' interest in retaining commissions and fees, essentially.  However, "a third party is not a necessary or indispensable party to an action to determine the rights of other parties under a contract, simply because the third party's rights or obligations *under an entirely separate contract* will be seriously affected by the action." Pittsburgh Logistics Sys., Inc. v. C.R. Eng., Inc., 669 F. Supp. 2d 613, 619 (W.D. Pa.

10

2009) (emphasis added).  The Agents, while they are parties to brokers' agreements with Principal, are not parties to the life insurance policies involved here.

Moreover, the possibility that one or more of the absent Agents may be obligated to indemnify or may be independently sued by Principal, does not make them necessary parties to this action.  See id. (applying Third Circuit precedent found in Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005)).  "And the fact that such litigation would have to be pursued separately may be inconvenient . . . but is not sufficient to trigger Rule 19."  Id.  Thus, the Agents are not so situated that disposing of the action in their absence may as a practical matter impair or impede any of their legally protected interests.  Furthermore, any potential liability of the Agents for indemnification to Principal is not a subject of resolution in this case.  Therefore, we find that the Agents have no legal interest relating to the subject of this action and thus are not "necessary" parties under Rule 19(a)(1)(B)(I).

## 2.    Rule 19(a)(1)(B)(ii)

Finally, under Rule 19(a)(1)(B)(ii), a court must decide whether continuation of the action would expose named parties to the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Again, First Priority contends that "[d]ue to Principal's new legal position, [the 'Rogue Agent Theory,'] exclusion of the Agents

11

increases the risk of inconsistent judicial results and could prevent a full and final determination of the rights of the parties." (Doc. 157, at 8)  However, First Priority fails to explain how either of those contentions may result.  Thus, we find that the Agents are not necessary parties under  Rule 19(a)(1)(B)(ii).

First Priority aptly notes that "Rule 19(a)(1)(B)(ii) is primarily aimed at protecting parties before the court."  (Doc. 157) (citing Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, etc., 895 F.2d 116, 122 (3d Cir. 1990)).  The Sindia court goes on to explain, and First Priority apparently agrees that:  "[t]he subdivision was enacted to protect parties from a 'substantial' risk of multiple or inconsistent obligations, *not merely a possible risk*. The subdivision also helps to *protect defendants* from 'needless' multiple litigation." Sindia Expedition, 895 F.2d at 122 (citations omitted) (emphasis added).  Considering this language, it is even more clear that the protections of Rule 19(a)(1)(B)(ii) are directed at parties to the lawsuit, not absent parties.  Therefore, we are concerned only with protecting the parties before this Court, not the absent Agents.

First Priority fails to identify any situation in which it or the DeRoses–the defendants here–would be subject to a "substantial risk of multiple or inconsistent obligations" or "needless multiple litigation."  Moreover, First Priority is unable to identify any instance in which Principal would be subject to either concern.  Instead,

12

First Priority argues that Principal may, in a wholly separate action, sue the Agents for indemnification of the commissions and fees on the Policies, thus, creating a risk of inconsistent judicial results. However, that risk is not within the protection of Rule 19(a)(1)(B)(ii) because, simply put, the Agents are not parties to this action. Therefore, under 19(a)(1)(B)(ii), we find that the Agents are not necessary, as failure to join the Agents will not leave any of the existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## IV.   **RECOMMENDATION**

Accordingly, upon due consideration, and for the reasons set forth above, IT IS HEREBY RECOMMENDED THAT defendant's motion to dismiss (Doc. 133) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: October 3, 2011