## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRINCIPAL LIFE INSURANCE COMPANY,** | : | **CIVIL ACTION NO. 1:08-CV-2294** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MARK DeROSE, and MATTHEW DeROSE, as Trustees of the JoAnn DeRose Family Trust, and FIRST PRIORITY BANK,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

Presently before the court is the Motion to Stay Payment of Premiums filed by defendant First Priority Bank ("First Priority") against plaintiff Principal Life Insurance Company ("Principal Life"). (Doc. 172).[1] First Priority contends that it is prejudiced by having to pay premiums on contested life insurance policies and asks to be relieved of this obligation pending the lawsuit's conclusion. For the reasons that follow, First Priority's motion (Doc. 173) will be denied.

## I.    Statement of Facts and Procedural History

The court set forth the pertinent facts in this case in its previous October 5, 2011 decision. (Doc. 208). In brief, Principal Life seeks a declaratory judgment to determine its rights and obligations under three insurance policies issued on the

---

[1]  The litigation was commenced by Principal Life against the JoAnn DeRose Family Trust alone. Although the Trustees continue to litigate this matter against Principal Life, the Court entered an order permitting the intervention of First Priority as a defendant on June 29, 2010. (Doc. 90.)

life of JoAnn DeRose ("Mrs. DeRose").  (Doc. 1).  Principal Life contends that these

policies were fraudulently procured, rendering them void *ab initio*.  Principal Life

argues that these policies lacked an insurable interest at inception and that Mrs.

DeRose, and others assisting her, made material misrepresentations to Principal

Life in the application process.  (Id. at 8).  Principal also seeks to retain some or all

of the premiums paid as an off-set to its incurred costs and expenses.  (Id. at 9).

First Priority currently pays approximately $50,000 bimonthly in premiums.  (Doc.

173).  On May 17, 2011, First Priority filed the instant motion to stay payment of

premiums pending the lawsuit's resolution (Doc. 172).[2]  The motion has been fully

briefed and is ripe for disposition.

## II.   **Standard of Review**

Principal Life seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

(Doc. 1).  Section 2201 provides, in part, the following:

> In a case of actual controversy within its jurisdiction . . . any court of
> the United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could be
> sought. Any such declaration shall have the force and effect of a final
> judgment or decree and shall be reviewable as such.

---

[2] Subsequent to the filing of the instant motion, Magistrate Judge Carlson issued
a report recommending that the court deny the Trustees' and First Priority's
motions for summary judgment.  (Doc. 178).  On October 5, 2011, the court adopted
Judge Carlson's recommendation that summary judgment should be denied on the
issue of whether the policies are void due to misrepresentation.  (Doc. 208 at 30-31).
The court, however, granted summary judgment on the issue of whether an
insurable interest existed at inception.  (Id.).

28 U.S.C. § 2201(a).  An action for declaratory judgment is procedural in its nature

and purpose.  <u>Federal Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 351 (3d Cir. 1986)

("[A declaratory judgment action] provides a unique procedural remedy to the

litigants that choose to utilize it.").  Accordingly, federal law must be applied to a

request for declaratory judgment relief because federal courts apply federal

procedural rules in diversity cases.  <u>Id.</u> at 352 ("It is settled law that, as a procedural

remedy, the federal rules respecting declaratory judgment actions, apply in

diversity cases.").[3]

## III.   <u>Discussion</u>

First Priority argues that the court should stay insurance premiums pending

the lawsuit's resolution on grounds that the continued payments are prejudicial to

it.  (Doc. 173).  Rather than citing case law to support its position, First Priority

simply states, "The prejudice to First Priority is obvious."  (Doc. 173, at 5).  First

Priority reasons that these payments create additional risk because Principal Life

seeks to retain the premiums paid on the DeRose Policies as damages.  (<u>Id.</u> at 4).  In

addition, First Priority argues that Principal Life would not be prejudiced by the

stay of premiums because First Priority would pay the accrued premiums if the

court finds that the insurance contracts are valid and enforceable.[4]  (<u>Id.</u> at 4).

---

[3] By contrast, when exercising diversity jurisdiction, the court must apply state
law to determine the substantive rights and duties of the parties to the insurance
policies.  <u>See</u> <u>Berrier v. Simplicity Mfg., Inc.</u>, 563 F.3d 38, 45 (3d Cir. 2009).

[4] First Priority appears to undermine its own argument by further stating that it
is "well-settled that a life insurance carrier cannot rescind an insurance policy for
misrepresentations unless it returns the premiums paid on the policy."  (Doc 173, at
5) (citations omitted).  Moreover, in the court's summary judgment opinion, the

The court will deny First Priority's motion.  Not only has First Priority failed to show that its position is legally tenable, but relevant case law suggests the opposite.  In <u>Travelers Ins. Co. v. Davis</u>, the Third Circuit Court of Appeals analyzed the objectives of an action for declaratory judgment.  490 F.2d 536, 543-44 (3d Cir. 1974).  The Third Circuit explained that one of the primary purpose of a declaratory judgment action is to "clarify legal relationships *before* they have been disturbed or a party's rights violated."  <u>Id.</u> at 543 (emphasis added).  <u>Accord</u> <u>Step-Saver Data Systems, Inc. v. Wyse Technology</u>, 912 F.2d 643, 649 (3d Cir. 1990) ("The idea behind the [Declaratory Judgment] Act was to clarify legal relationships so that plaintiffs (and possibly defendants) could make responsible decisions about the future."); <u>Beacon Const. Co. v. Matco Elec. Co.</u>, 521 F.2d 392, 397 (2d Cir. 1975) (stating that a declaratory judgment is meant to settle legal rights 'without awaiting a violation of the rights or a disturbance of relationships' (quoting <u>Aetna Casualty & Surety Co. v. Quarles</u>, 92 F.2d 321, 325 (4th Cir. 1937))).

With these cases in mind, the court concludes that an order to stay payments on insurance premiums would run counter to the intended purpose of an action for declaratory judgment.  Until a final judgment is rendered, the contractual rights and obligations of both parties remain in full force and effect.  First Priority provides no factual or legal basis to rule otherwise.  <u>See</u> <u>Principal Life Ins. Co. v.</u>

---

court held that, should the policies be declared void, Principal Life could seek special damages to recover costs and expenses, but to the extent that the paid premiums exceed these costs and expenses, First Priority will be entitled to a refund of the premiums.  (Doc. 208, at 27-30).  The court, therefore, does not view the continued payments as posing any significant prejudice to First Priority.

<u>Minder</u>, No. 08-5899, 2009 WL 1917096, at *4 (E.D. Pa. July 1, 2009) (finding that an insured's obligation to make premium payments on a life insurance policy "cannot be excused" pending the outcome of a declaratory judgment action).

## IV.    <u>Conclusion</u>

For the foregoing reasons, First Priority's Motion to Stay Payment of Premiums (Doc. 172) will be denied.  An appropriate order follows.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        March 16, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PRINCIPAL LIFE INSURANCE** | : | **CIVIL ACTION NO. 1:08-CV-2294** |
| **COMPANY,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MARK DeROSE, and MATTHEW** | : | |
| **DeRose, as Trustees of the JoAnn** | : | |
| **DeRose Family Trust, and** | : | |
| **FIRST PRIORITY BANK,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 16th day of March, 2012, upon consideration of the Motion to

Stay Payment of Premiums (Doc. 172), filed by defendant First Priority Bank, and

for the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that the motion (Doc. 172) is DENIED.


    S/ Christopher C. Conner

CHRISTOPHER C. CONNER
United States District Judge