# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRINCIPAL LIFE INSURANCE COMPANY,** | : CIVIL ACTION NO. 1:08-CV-2294 |
| | : |
| | : **(Judge Conner)** |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| **MARK DeROSE and MATTHEW DeROSE,** as Trustees of the JoAnn DeRose Family Trust, and **FIRST PRIORITY BANK**, | : |
| | : |
| | : |
| | : |
| Defendants | : |

## **ORDER**

AND NOW, this 10th day of May, 2012, upon consideration of plaintiff's motion (Doc. 218) to certify for interlocutory appeal the order of court dated October 5, 2011 (Doc. 208), which adopted in part and rejected in part the Report and Recommendation (Doc. 178) by Magistrate Judge Carlson on the defendants' motions for summary judgment (Docs. 104, 114); and it appearing that plaintiff seeks to certify the question of whether the Pennsylvania statute defining insurable interests, 40 PA. STAT. § 512, makes parties' intent relevant in determining whether, at the time of the inception of a life-insurance policy, an insurable interest existed (see Doc. 219, at 11–12); and the court concluding that, under the federal statute governing interlocutory appeals, 28 U.S.C. § 1292(b),[1] plaintiff has not set forth any

---

[1] A court may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) the order "involves a controlling question of law," (2) "a substantial ground for difference of opinion" exists with regard to the issue involved, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"exceptional circumstances" that would "justify a departure from the basic policy postponing appellate review under after the entry of a final judgment," Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quoting Fisons, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972)), particularly that (1) the question of law that plaintiff seeks to have certified is not controlling, in that a contrary conclusion from the Pennsylvania Supreme Court would lead to remand rather than reversal,[2] (2) there is no substantial ground for difference of opinion on the issue involved, as all parties agree that the language of 40 PA. STAT. § 512 is unambiguous and its plain meaning controls,[3] and (3) immediate appeal is more likely to cause further and undue delay in this litigation rather than advance its ultimate determination, as discovery has already closed and no possible outcome of the requested

---

[2] An order "involves a controlling question of law" if either (1) an incorrect disposition would constitute reversible error on final appeal or (2) the question is "serious to the conduct of the litigation either practically or legally." In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009) [hereinafter Chocolate] (citing Katz v. Carte Blanche Corp, 496 F.2d 747, 755 (3d Cir. 1974)). See also Katz, 496 F.2d at 747 (describing the "clear case of a controlling question of law" as one that "would result in a reversal of a judgment after final hearing").

[3] Substantial ground for difference of opinion exists "when controlling authority fails to resolve a pivotal matter." Chocolate, 607 F. Supp. at 705–06 (citing Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008); EBC, Inc. v. Clark Bldg. Sys., No. 05-1549, 2008 WL 728541, at *2 (W.D. Pa. Mar. 17, 2008)). Interlocutory appeal is appropriate only if there is genuine doubt concerning the legal standard governing a particular case. Knipe, 583 F. Supp. 2d at 600. The court should not certify questions of relatively clear law simply because the losing party disagrees with the court's analysis. Elec. Mobility Corp. v. Bourns Sensors/Controls, 87 F. Supp. 2d 394, 398 (D.N.J. 2000).

interlocutory appeal would eliminate the need for trial;[4] and the court noting that, even were the plaintiff able to make a strong showing under all three elements required under § 1292(b), a district court may nonetheless deny interlocutory appeal,[5] it is hereby ORDERED that plaintiff's motion (Doc. 218) to certify for interlocutory appeal the order of court dated October 5, 2011 (Doc. 208) is DENIED. See 28 U.S.C. § 1292(b).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] For an appeal to "materially advance the ultimate termination of the litigation," the appeal must eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense. Chocolate, 607 F. Supp. 2d at 707 (citing Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008); Patrick v. Dell Fin. Servs., 366 B.R. 378, 387 (M.D. Pa. 2007)). Cases in which discovery has closed are generally inappropriate for interlocutory appeal because trial is imminent. Patrick, 366 B.R. at 387; FDIC v. Parkway Executive Office Ctr., No. 96-121, 1997 WL 611674, at *3 (E.D. Pa. Sept. 24, 1997).

[5] The court may decline certification even if the parties have satisfied all elements enumerated in the statute. Knipe, 583 F. Supp. 2d at 599; L.R. v. Manheim Twp. Sch. Dist, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) ("The decision to certify an interlocutory order for appeal under § 1292(b) 'rests within the sound discretion of the trial court.'" (quoting Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 1992))).